## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES R. KEYS**                    **CIVIL ACTION**

**VERSUS**                             **NO. 15-1801**

**KEITH DEVILLE, WARDEN**              **SECTION "G"(2)**


### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See U.S.C. § 2254(e)(2) (2006).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED AND DISMISSED WITH PREJUDICE**.

## I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Charles Ray Keys, is a convicted inmate currently incarcerated in the Madison Parish Correctional Center in Tallulah, Louisiana.[2]  On October 29, 2010, Keys was charged by bill of information with one count of possession with intent to

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, or that the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 9.

distribute heroin; one count of possession with intent to distribute cocaine; and one count of possession of marijuana.[3]  On November 5, 2010, Keys was arraigned and pled not guilty to all charges.[4]  The case proceeded to trial, but resulted in a verdict of not guilty of possession with intent to distribute heroin, and no verdict as to the other charges.[5]

A new trial date on the remaining two counts proceeded on November 2-3, 2011. The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as determined at the trial as follows:[6]

> After receiving information from a reliable confidential informant that an individual was selling crack cocaine from a trailer located at 4500 America Street,[7] Detective Derek Burke of the Major Case Narcotics Unit of the New Orleans Police Department began an investigation. On October 25, 2010, Detective Burke conducted a controlled purchase, whereby the informant entered the trailer and exited a few minutes later. Once the purchase was complete, the informant returned to the detective's unmarked vehicle, and relinquished one piece of crack cocaine wrapped in plastic. On cross-examination, Detective Burke testified that although he did not have a description of the suspect, the informant gave him the name "Ray."
>
> The following day, Detective Burke obtained a search warrant for the trailer. While conducting surveillance prior to executing the warrant with his team, he observed the defendant exit the trailer, enter a white

---

[3]St. Rec. Vol. 1 of 4, 10/29/10.

[4]St. Rec. Vol. 1 of 4, Minute Entry, 11/5/10.

[5]St. Rec. Vol. 1 of 4, Minute Entry, 5/18/11.

[6]The facts are taken verbatim from the Louisiana Fourth Circuit's Opinion.  State v. Keys, 125 So. 3d 19, 25 (La. App. 4th Cir. 2013); St. Rec. Vol. 4 of 4, 4th Cir. Opinion,  2012-KA-1177, 9/4/13 (footnotes in original).

[7]At trial, Detective Burke testified that the property was located on the corner of America and Selma Streets. He explained that the home was demolished due to Katrina, and the mobile trailer was parked next to the home.

Cadillac, and drive away. At that time, Detective Burke broadcasted a description of the defendant, the vehicle, and his direction of travel.

Based on the information received from Detective Burke, members of the takedown unit detained the defendant at a nearby gas station, and relocated him back to the trailer, where he remained in a police unit with Detective Christopher Henly. During a search of the dilapidated trailer,[8] the narcotics detectives recovered a bag of marijuana, a digital scale, a box of sandwich bags, and seven pieces of crack cocaine.[9] The detectives also located several items addressed to or containing the defendant's name: a recent medical bill, an employment application, and a valid Louisiana Identification Card.[10] As a result of the search, the defendant was arrested. Incident to arrest, Detective Henly searched the defendant and retrieved thirty-two dollars from his person.[11]

Keys was found guilty by a jury of attempted possession with intent to distribute cocaine, and guilty of the marijuana charge by the trial judge.[12]

---

[8]Randall Cunningham, an investigator for the public defender's office, testified that he went to 4500 America Street on May 11, 2011 and examined the trailer parked next to the residence. The trailer was unsecured and in deplorable condition. He stated that the only discernable structures inside the trailer were the steering wheel and driver's seat. He did not see a bed area in the trailer. He took a number of photographs of the inside of the trailer which show that the trailer was littered with trash and discarded effects.

[9]The parties stipulated that if Criminalists Brian Schultz and Corey Hall were called as witnesses, they would qualify as experts in the forensic analysis of controlled dangerous substances and would testify that the evidence seized from the trailer at 4500 America Street tested positive for cocaine.

[10]Conversely, when Mr. Cunningham inspected the trailer in May, he discovered several documents addressed to individuals other than the defendant inside of the trailer.

[11]At trial, the State also introduced evidence of defendant's two previous convictions for possession with the intent to distribute cocaine, also occurring at the intersection of America and Selma Streets.

[12]St. Rec. Vol. 1 of 4, Trial Minutes, 11/2/11; Trial Minutes, 11/3/11; St. Rec. Vol. 3 of 4, Trial Transcript 11/2/11; Trial Transcript, 11/3/11. Keys had chosen a bench trial for the marijuana charge and elected to have the judge rule on the evidence submitted at the jury trial. He waived his sentencing delays for the marijuana charge, and was sentenced to six (6) months at hard labor on that count, with credit for time served.

On December 14, 2011, the State filed a multiple offender bill against Keys based on two prior convictions of possession with intent to distribute cocaine.[13]  On May 3, 2012, the court adjudicated Keys a multiple offender, and sentenced him to twenty-five (25) years at hard labor, the first two years to be served without the benefit of parole, probation, or suspension of sentence, and to run concurrently with any other sentence.[14]

On direct appeal to the Louisiana Fourth Circuit Court of Appeal, Keys's counsel and Keys himself raised multiple errors.  First, both through counsel and pro se, the following errors were asserted:[15]  (1) The evidence was insufficient to support the jury's responsive verdict of attempted possession with intent to distribute cocaine.  (2) The trial court erred in allowing the State to present hearsay evidence.  (3) The trial court erred in admitting evidence of Keys's two prior convictions.  (4) His sentence was excessive.  In addition, Keys's pro se brief asserted the following errors:[16]  (1) The trial court erred in allowing the State to consolidate the charges from two separate bills of information for one trial. (2) The trial court erred in failing to grant a motion to reveal the identity of a confidential informant. (3) The trial court erroneously allowed the State to use perjured testimony to obtain a conviction.  (4) He received ineffective assistance of trial counsel.

---

[13]St. Rec. Vol. 1 of 4, Multiple Bill, 12/14/11.

[14]St. Rec. Vol. 1 of 4, Sentencing Minutes, 5/3/12; Sentence of the Court, 5/3/12.

[15]St. Rec. Vol. 4 of 4, Appellate Brief, 11/13/12; Pro Se Supplemental Brief, 4/1/13.

[16]St. Rec. Vol. 4 of 4, Pro Se Supplemental Brief, 4/1/13.

The court affirmed Keys's conviction and sentence on September 4, 2013, finding that each claim either lacked merit, had not been preserved for appellate review or would be more properly considered on post-conviction review.[17]   On October 2, 2013, Keys mailed a related writ application to the Louisiana Supreme Court, re-asserting the claims previously raised by counsel before the Fourth Circuit.[18]   The supreme court denied this writ on April 4, 2014, without additional reasons.[19]   His conviction became final ninety (90) days later on July 3, 2014, when he did not file a writ application with the United States Supreme Court.   Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999) (period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

II.   FEDERAL HABEAS PETITION

On April 7, 2015, the clerk of this court filed Keys's petition for federal habeas corpus relief, which asserts three claims: (1) The evidence presented at trial was insufficient to support the conviction.   (2) The trial court erred in allowing the State to

---

[17]State v. Keys, 125 So. 3d 19, 25 (La. App. 4th Cir. 2013); St. Rec. Vol. 4 of 4, 4th Cir. Opinion, 2012-KA-1177, 9/4/13.

[18]St. Rec. Vol. 4 of 4, La. S. Ct. Writ. App., 2013-KO-2367, 10/2/13.

[19]State v. Keys, 135 So. 3d 637 (Mem) (La. 2014); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2013-KO-2367, 4/4/14.

present hearsay evidence.  (3) The trial court erred in admitting evidence of two prior convictions.[20]

The State filed a response in opposition to Keys's petition conceding that the petition is timely, but arguing that one of the claims is in part procedurally defaulted and that the claims otherwise lack merit.[21]  Keys filed a reply in which he argues that he has exhausted all of his claims and reiterates the merits of his claims.[22]

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[49] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Keys's petition, which is deemed filed in a federal court on April 7, 2015.

---

[20]Rec. Docs. No. 1, 9. Keys filed a corrected petition on June 22, 2015. Keys also requested a review of errors patent by this court. However, federal habeas courts do not sit to review for errors patent; rather such review is "a state law appellate procedure predicated on a state statute." Thomas v. Rader, C. A. No. 11-1384, 2011 WL 6963956, at *9 (E.D. La. Oct. 31, 2011) report and recommendation adopted, C. A. No. 11-1384, 2012 WL 38532 (E.D. La. Jan. 9, 2012). Federal courts review matters of state law only if it involves a federal constitutional violation. Id. (citing Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986). No constitutional violation has been alleged under this "errors patent" claim, and his other challenges to his convictions will be addressed in this report. The claim is therefore not considered in this report.

[21]Rec. Doc. No. 20.

[22]Rec. Doc. No. 21.

6

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (C)).

As indicated above, the State concedes timeliness, but asserts that part of the hearsay claim is in procedural default because it was rejected by the Louisiana Fourth Circuit on appeal as not properly preserved for appeal.  Specifically, the State argues that Keys's claim that the trial court erred in admitting hearsay evidence in the form of Detective Burke's testimony that the confidential informant notified him that the dealer was nicknamed "Ray" is in procedural default.

## IV.    PROCEDURAL DEFAULT (CLAIM NO. 2)

One of the grounds Keys asserts in his hearsay claim is that the trial court erred in admitting Detective Burke's testimony that the confidential informant notified him that the dealer was nicknamed "Ray."  In reviewing this claim, the Louisiana Fourth Circuit refused to consider it, finding that it was not preserved for appellate review under La. Code. Crim P. art. 841.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment.  Coleman v.

Thompson, 501 U.S. 722, 731–32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902. Because the Louisiana Supreme Court rejected Keys's direct appeal without reasons stated, this court will presume that it has relied upon the same grounds as the last reasoned state court opinion. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

A.    INDEPENDENT AND ADEQUATE

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. Amos, 61 F.3d at 338. The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999).

8

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. Walker v. Martin, 562 U.S. 307, 316 (2011); Glover, 128 F.3d at 902. A state procedural rule "can be 'firmly established' and 'regularly followed,'—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." Beard v. Kindler, 558 U.S. 53, 60–61 (2009) (citation omitted). The question of the adequacy of a state procedural bar is itself a federal question. Id. at 60 (citing Lee v. Kemna, 534 U.S. 362, 375 (2002)).

The Louisiana Fourth Circuit declined to review Keys's claim based on La. Code. Crim P. art. 841. Article 841 provides that "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." This contemporaneous objection rule, used to bar Keys's claim that the trial court improperly admitted the testimony regarding the nickname given to Detective Burke from the confidential informant, is an independent and adequate state procedural rule. Duncan v. Cain, 278 F.3d 537, 541 (5th Cir.) (citing Wainwright v. Sykes, 433 U.S. 72, 87–88 (1977)), cert. denied, 537 U.S. 829 (2002); Bowie v. Cain, 33 F. App'x 705, 2002 WL 432675, at *2 & n. 9 (5th Cir. Mar. 7, 2002). Louisiana courts have concluded that "[a] defendant is limited to the grounds for objection that he articulated in the trial court, and a new basis for the objection may not be raised for the first time on appeal." State v.

Browning, 956 So.2d at 72; State v. Young, 764 So.2d 998, 1005 (La. App. 1st Cir. 2000).

The state courts' ruling, therefore, was based on Louisiana law setting forth the procedural requirements for preservation and presentation of claims for appellate review. See Fisher, 169 F.3d at 300 (state courts' clear reliance on state procedural rule is determinative of the issue). The state courts' reason for dismissal of this claim was therefore independent of federal law and adequate to bar review of this claim in this court.

## B.   CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice attributed therero," or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." Fisher, 169 F.3d at 301 (citing Coleman, 501 U.S. at 748–50); Amos, 61 F.3d at 338–39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed

to raise the claim despite recognizing it, does not constitute cause for a procedural default.  Id. at 486.

In this case, Keys has not offered any cause for the default which would excuse the procedural bar imposed by the Louisiana courts.  My review of the record does not support a finding that any factor external to the defense prevented Keys from preserving this claim for appeal and raising it in a procedurally proper manner.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir.1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474 (5th Cir.1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681–82 (5th Cir.1977)).

C.    FUNDAMENTAL MISCARRIAGE OF JUSTICE

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902. To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the

evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F.Supp. 1180, 1195 (W.D.Tex.1997) (footnote omitted); see Nobles, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.

Keys presents no clear and convincing evidence that suggests his actual innocence on the underlying convictions.  For these reasons, he has failed to overcome the procedural bar, and this basis for his hearsay claim must be dismissed with prejudice as procedurally barred.

V.   STANDARDS OF MERITS REVIEW

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings.  Nobles, 127 F.3d at 419–20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28

U.S.C. § 2254(d)(2)), <u>cert. denied</u>, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" <u>Penry v. Johnson</u>, 215 F.3d 504, 507 (5th Cir. 2000) (quoting <u>Miller v. Johnson</u>, 200 F.3d 274, 280–81 (5th Cir.), <u>cert. denied</u>, 531 U.S. 849 (2000)), <u>aff'd in part</u>, <u>rev'd in part on other grounds</u>, 532 U.S. 782 (2001); <u>Hill</u>, 210 F.3d at 485.  The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

<u>Williams v. Taylor</u>, 529 U.S. 362, 405–06, 412–13 (2000); <u>Penry</u>, 532 U.S. at 792–93; <u>Hill</u>, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause

if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." (citation omitted) White v. Woodall, ——— U.S. ———, 134 S.Ct. 1697, 1706–07 (2014) (citing Harrington v. Richter, 562 U.S. 86, 103 (2011), and Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" White, 134 S.Ct. at 1706 (quoting Yarborough v. Alvarado, 541 U.S. 652, 666 (2004)).

"'A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied [a Supreme Court case] incorrectly.'" Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford v. Visciotti, 537 U.S. 19, 24–25 (2002)) (brackets in original); Bell v. Cone, 535 U.S. 685, 699 (2002). Rather, under the "unreasonable application" standard, "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert. denied, sub nom. Neal v. Epps, 537 U.S. 1104 (2003). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24–25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

VI.    ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE (CLAIM NO. 1)

Keys argues that the evidence was insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that he had committed attempted possession with intent to distribute cocaine.  Specifically, he asserts that the evidence was insufficient to prove he possessed cocaine, because the cocaine was not recovered on his body and others could have had access to the trailer where it was found.  He further argues that Detective Burke's testimony regarding the controlled buy was not credible and insufficient to identify him as the perpetrator because Detective Burke did not actually witness the purchase.

Keys asserted this claim on direct appeal to the Louisiana Fourth Circuit.  Relying on Jackson v. Virginia, 443 U.S. 307 (1979), and related state law, the court reviewed the evidence and the testimony and found that the record as a whole demonstrated that the jury's determination was reasonable, and the evidence sufficiently supported the responsive verdict of attempted possession with the intent to distribute cocaine.[23]

Under Jackson, a federal habeas court addressing an insufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements

---

[23]State v. Keys, 125 So. 3d 19, 25 (La. App. 4th Cir. 2013); St. Rec. Vol. 4 of 4, 4th Cir. Opinion, 2012-KA-1177, 9/4/13.

of the crime were proven beyond a reasonable doubt.  Jackson, 443 U.S. at 319; Perez

v. Cain, 529 F.3d 588, 594 (5th Cir. 2008); Williams v. Cain, 408 F. App'x 817, 821 (5th

Cir. 2011).   To determine whether the guilty verdict is adequately supported by the

evidence, the court must review the substantive elements of the crime as defined by state

law.   Perez, 529 F.3d at 594 (citing Jackson, 443 U.S. at 324 n. 16). The court's

consideration of the sufficiency of the evidence extends only to what was presented at

trial.  See McDaniel v. Brown, 558 U.S. 120, 131, 134 (2010) (recognizing that a

reviewing court must consider the trial evidence as a whole under Jackson); Johnson v.

Cain, 347 F. App'x 89, 91 (5th Cir. 2009) (Jackson standard relies "upon the record

evidence adduced at the trial") (quoting Jackson, 443 U.S. at 324).

Review of the sufficiency of the evidence, however, does not include review of

the weight of the evidence or the credibility of the witnesses because those

determinations are the exclusive province of the jury.  United States v. Young, 107 F.

App'x 442, 443 (5th Cir. 2004) (citing United States v. Garcia, 995 F.2d 556, 561 (5th

Cir. 1993); see Jackson, 443 U.S. at 319 (it is the jury's responsibility "to resolve

conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from

basic facts to ultimate facts").   Indeed, a federal habeas court is not authorized to

substitute its interpretation of the evidence or its view of the credibility of witnesses in

place of the fact-finder.  Weeks v. Scott, 55 F.3d 1059, 1062 (5th Cir.1995); Alexander

v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985). Thus, all credibility choices and

conflicting inferences must be resolved in favor of the verdict.  Ramirez v. Dretke, 398 F.3d 691, 695 (5th Cir. 2005). In addition, "[t]he Jackson inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'"  Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001) (quoting Herrera v. Collins, 506 U.S. 390, 402 (1993)).

A claim of insufficient evidence presents a mixed question of law and fact.  Perez, 529 F.3d at 594; Maes v. Thomas, 46 F.3d 979, 988 (10th Cir. 1995). Therefore, this court must examine whether the state courts' denial of relief was contrary to or an unreasonable application of the foregoing United States Supreme Court precedent.

Keys was charged with possession with intent to distribute cocaine and was convicted of attempted possession with intent to distribute cocaine, a separate but lesser grade of the crime.  La. Rev. Stat. § 40:967; La. Rev. Stat. § 14:27.  The Louisiana Fourth Circuit's review of the evidence, found credible by the jury, established the necessary elements of attempted possession with intent to distribute cocaine.  Indeed, the Fourth Circuit found that the evidence supported the more serious charge of possession with intent to distribute cocaine.

In his federal claim, Keys challenges the credibility of Detective Burke's testimony.  As noted above, this issue is not one this federal habeas court may review because it was properly decided by and wholly within the province of the jury as fact-finder.  Thus, the main remaining issue in Keys's claim is whether he could be charged

with attempted possession with intent to distribute when he alleges there was

inconclusive evidence as to whether or not he possessed the cocaine at all. Keys argues

that the documents linking him to the trailer where the cocaine was found (which

included a Louisiana state identification card, an employment application and a recent

medical bill) were not sufficient proof to establish that he had control over the trailer.

He also argues that the presence of other documents with other individuals' names found

by an investigator for the public defender, many months later, supports this conclusion.

The Fourth Circuit considered the question of possession at length in its opinion,

concluding that the evidence was sufficient to support Keys's conviction:

> To support a conviction for possession of a controlled dangerous substance, the State must initially prove that the defendant knowingly and intentionally possessed the drug. State v. Perron, 01–214, p. 6 (La. App. 4 Cir. 1/16/02), 806 So.2d 924, 928. The state need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction. Id. (citation omitted). A person not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion and control. Perron, 01–214, p. 6, 806 So.2d 924, 928 (citation omitted). Determining whether the defendant had constructive possession depends upon the circumstances of each case; and among the factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are: whether the defendant knew that illegal drugs were present in the area; the defendant's relationship to the person in actual possession of the drugs; whether there is evidence of recent drug use; the defendant's proximity to the drugs; and, any evidence that the area is frequented by drug users. State v. Allen, 96–138, p. 5 (La.App. 4 Cir. 12/27/96), 686 So.2d 1017, 1020 (citations omitted). However, the mere presence of the defendant in an area where drugs are found is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356, 360 (La.App. 4 Cir.1991) (citation omitted).

In this case, the defendant conceded that the property in question was owned by the defendant and his family for many years. In addition, defendant was seen exiting the trailer shortly before the drugs were discovered, and documentary evidence was recovered linking him to the trailer.

The recent medical bill recovered from the trailer was addressed to the defendant at 4500 America Street. This demonstrates that defendant was still receiving mail addressed to him at the property at or near the time of the offense, suggesting that he was exercising control over the trailer at the time. This conclusion is also supported by the discovery of the employment application, which indicates that defendant was prepared to inform others that 4500 America Street was an address where he could be reached. The discovery of defendant's state identification card inside the trailer demonstrated a strong relationship to the trailer itself, as it would be unusual for someone to leave an important document such as that somewhere other than a place where he exercised dominion and control. Finally, the defendant was observed exiting the trailer, which was on property that he owned with his siblings, further establishing his exercise of control over the trailer. Although the trailer was in a state of disrepair, the officers observed several small appliances, a bed, a sheet, and clothing inside the trailer, which suggest that the trailer was inhabited.

Given these circumstances, a rational fact finder could have concluded that Mr. Keys exercised regular dominion or control over the trailer, and the items found within it. Considering that the space was very small, it was also reasonable for the fact finder to conclude that one exercising control over the trailer would also have knowledge and control over the cocaine present in a shoe on top of the bed. Thus, there was sufficient evidence for a rational fact finder to find that defendant had constructive possession of the cocaine.[24]

The Fourth Circuit further noted that the jury had reviewed the evidence and that the court's review of the record as whole demonstrated that the jury's determination was reasonable. This court's review of the record confirms that the Fourth Circuit's analysis

---

[24]State v. Keys, 125 So. 3d 19, 25 (La. App. 4th Cir. 2013); St. Rec. Vol. 4 of 4, 4th Cir. Opinion, 2012-KA-1177, 9/4/13.

was neither contrary to nor an unreasonable application of federal law.  Keys is not entitled to relief on this claim.

B.      IMPROPER ADMISSION OF HEARSAY EVIDENCE (CLAIM NO. 2)

Keys alleges that the trial court erred in admitting hearsay evidence in the form of Detective Burke's testimony regarding (1) the controlled drug purchase and (2) the confidential informant notifying him that the dealer was nicknamed "Ray."  Keys alleges that the admission of this testimony violated his confrontation rights because he did not have the opportunity to cross-examine the confidential informant.  As noted above, the second basis for this claim is in procedural default because Keys failed to preserve the issue for appeal.  Therefore, only the first basis will be considered here.

Keys asserted the first basis of this claim to the Louisiana Fourth Circuit on direct appeal.  The Fourth Circuit reviewed the testimony under Crawford v. Washington, 541 U.S. 36 (2004), and related state law and found that Detective Burke's testimony simply did not constitute hearsay.

Under Louisiana law, hearsay is an out-of-court statement made by someone other than the declarant offered to prove the truth of the matter asserted.  La. Code Evid. art. 801(C).  As the Fourth Circuit observed, rather than referring to or repeating such an out-of-court statement, Detective Burke simply testified regarding what occurred when he conducted the controlled purchase.  The Fourth Circuit noted that Detective Burke testified as to what happens during a controlled purchase generally, and then described

20

the particulars of the instant case. The description included Detective Burke's observation of the confidential informant entering the trailer, exiting shortly thereafter, and relinquishing to Detective Burke a piece of crack cocaine.

This court's review of the record confirms that, insofar as Detective Burke testified regarding the events of the controlled purchase, that testimony does not constitute hearsay.[25]   Detective Burke did not testify as to anything the informant said to him – aside from information regarding the nickname "Ray," which is not reviewable before this court – and rather relied on his own personal observations.   Therefore, Keys's confrontation rights were not violated, because he had the opportunity to cross-examine Detective Burke.  The Fourth Circuit's rejection of this claim was neither contrary to nor an unreasonable application of federal law.  Keys is not entitled to relief on this claim.

## C.      OTHER CRIMES EVIDENCE (CLAIM NO. 3)

In his third claim, Keys argues that the trial court erred in admitting evidence of his prior convictions because the prejudicial effect outweighed the probative value.  To the extent that Keys argues that the evidence was admitted in violation of Louisiana law, that claim is not cognizable on federal habeas review.  See Swarthout v. Cooke, ⸺ U.S. ⸺⸺, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) (federal habeas review does not lie for errors of state law).  Habeas corpus review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under

---

[25]See St. Rec. Vol. 3 of 4, Transcript, 11/2/11, pp. 45-68.

state law.  Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Gonzales v. Thaler, 643 F.3d 425, 429 (5th Cir. 2011); Jernigan v. Collins, 980 F.2d 292, 298 (5th Cir.1992).

Thus, federal courts do not sit to review the propriety of state court evidentiary rulings, unless the proceedings violate due process in such a way that the violation renders the criminal proceeding fundamentally unfair.  Lisenba v. People of the State of California, 214 U.S. 219, 236–37 (1941).  Federal habeas review on such matters is proper only to determine whether a state trial judge's error is so extreme as to render the trial fundamentally unfair or violate an explicit constitutional right.  Peters v. Whitley, 942 F.2d 937, 940 (5th Cir. 1991).  The United States Court of Appeals for the Fifth Circuit has stated that the admission of prejudicial evidence is fundamentally unfair so as to justify federal habeas corpus relief only if it "played a crucial, critical, and highly significant role in the trial."  Gonzales, 643 F.3d at 430 (quotation omitted).

This claim presents a mixed question of law and fact.  Wilkerson v. Cain, 233 F.3d 886, 890 (5th Cir. 2000). Under the applicable standard of review, this court therefore must determine if the state court's decision is contrary to or involved an unreasonable application of Supreme Court precedent.  Under these rigorous standards, Keys has failed to meet his burden regarding the trial court's admission of this evidence.

Keys argues that the prejudicial effect of the evidence of his two prior convictions – both for possession with the intent to distribute cocaine – outweighed its probative

value.  He asserted this claim before the Louisiana Fourth Circuit, which rejected the claim on the merits.  The Fourth Circuit found highly probative the fact that Keys had committed the same offense, "one involving actual distribution of cocaine, on two prior occasions near the same intersection." While such evidence was "necessarily prejudicial," it was also highly relevant to the crime.

Keys also contests the possession and intent elements of the crime.  His defense at trial hinged on the idea of mistake:  he argued that he did not live in the trailer, but rather just happened to be in the wrong place at the wrong time.  As the Fourth Circuit noted, his prior criminal convictions for possession with intent to distribute cocaine occurring at the same intersections were therefore highly relevant to establish an absence of mistake in this case.

This court's review of the record confirms that the probative value of these convictions outweighed the prejudicial effect.  Under these circumstances, the introduction into evidence of these prior crimes did not result in a denial of fundamental fairness.  The state courts' denial of relief on this claim was not contrary to nor an unreasonable application of United States Supreme Court precedent.  Keys is not entitled to federal habeas corpus relief on this claim.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Keys's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[26]

New Orleans, Louisiana, this _____7th_____ day of January, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[26]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.